**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION**

| | |
|---|---|
| **KEITH CHANDANAIS,**<br><br>        **Plaintiff,**<br><br>**v.**<br><br>**THE PRAIRIE LINE, INC.,**<br><br>        **Defendant.** | **Civil Action No. 3:25-cv-00029**<br><br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S<br>REMOVED PETITION AT LAW** |

Defendant The Prairie Line, Inc. ("Prairie Line"), for its Answer to Plaintiff's removed Petition at Law and Jury Demand, states:

1.      Prairie Line, on information and belief, admits the allegations contained in Paragraph 1.

2.      Prairie Line admits the allegations contained in Paragraph 2.

3.      Prairie Line denies its principal place of business is in Iowa or was in Iowa during any time material to the above captioned matter. Prairie Line avers that its principal place of business is in Missouri.

4.      Prairie Line admits that, by virtue of removal, venue is proper in this court, and denies the remainder of the allegations contained in Paragraph 4.

5.      Prairie Line admits the amount in controversy is sufficient to confer subject matter jurisdiction on this court, and denies the remainder of the allegations contained in Paragraph 5.

6.      Prairie Line admits the allegations contained in Paragraph 6.

7.      Prairie Line admits the allegations contained in Paragraph 7.

8.      Prairie Line admits the allegations contained in Paragraph 8.

9.      Prairie Line admits that prior to July 4, 2024, Prairie Line had renewed its contract to provide certain rail services to ADM, and denies the remainder of the allegations contained in Paragraph 9.

10.     Prairie Line denies the allegations contained in Paragraph 10.

11.     Prairie Line denies the allegations contained in Paragraph 11.

12.     Prairie Line denies the allegations contained in Paragraph 12.

13.     Prairie Line denies the allegations contained in Paragraph 13.

14.     Prairie Line denies the allegations contained in Paragraph 14.

15.     Prairie Line denies the allegations contained in Paragraph 15.

16.     Prairie Line is without information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 16, and accordingly, denies those allegations.

17.     Prairie Line denies the allegations contained in Paragraph 17.

18.     Prairie Line denies the allegations contained in Paragraph 18.

19.     Prairie Line denies the allegations contained in Paragraph 19.

20.     Prairie Line admits Plaintiff volunteered to work a shift on July 6, 2024, for which he was not originally scheduled, and denies the remainder of the allegations contained in Paragraph 20.

21.     Prairie Line admits that Prairie Line called Plaintiff when he was late for the shift for which he had volunteered on July 6, 2024, and denies the remainder of the allegations contained in Paragraph 21.

22.     Prairie Line denies the allegations contained in Paragraph 22. Prairie Line avers Plaintiff received communication of his termination several hours later, after being sent home for being unfit for service upon arriving late for work.

23.     Prairie Line denies the allegations contained in Paragraph 23.

24.     Prairie Line admits the allegations contained in Paragraph 24.

25.     Prairie Line denies the allegations contained in Paragraph 25.

26.     Prairie Line is without information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 26, and accordingly, denies those allegations

27.     Prairie Line denies the allegations contained in Paragraph 27.

28.     Prairie Line denies the allegations contained in Paragraph 28.

29.     Prairie Line denies the allegations contained in Paragraph 29.

30.     Prairie Line denies the allegations contained in Paragraph 30.

31.     Prairie Line denies the allegations contained in Paragraph 31.

32.     Prairie Line denies all allegations of the removed Petition that are not expressly admitted herein.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

The affirmative pleading of any matter below does not imply or constitute an admission, concession, or assertion by Prairie Line that the matter is an affirmative defense for which it may bear a burden of persuasion.

1.     Plaintiff fails to state a claim upon which relief can be granted.

2.     Prior to his termination, Plaintiff did not engage in any protected activity sufficient to invoke the public policy of Iowa Code Chapter 88, or any other public policy of the State of Iowa.

3.     The sole proximate cause of any injury Plaintiff may have experienced is Plaintiff's own conduct.

4.     To the extent that, after the imposition of any adverse employment action against Plaintiff, Prairie Line discovered or discovers evidence in the course of the investigation of this case that Plaintiff engaged in conduct for which Prairie Line would have terminated his employment, Plaintiff's right to recovery is barred or reduced from the date of that discovery.

5.     Prairie Line's actions in connection with Plaintiff's employment did not constitute retaliation for, or discrimination against, Plaintiff for making an OSHA complaint, and were taken for legitimate business reasons.

6.     If Plaintiff sustained damages by reason of the conduct alleged in the removed Petition, which Prairie Line expressly and specifically denies, Plaintiff has failed to take action, or has taken insufficient action, to mitigate those damages. Consequently, any damages suffered by Plaintiff must be reduced in an amount by which Plaintiff could have mitigated those damages, if any.

7.     Prairie Line acted with subjective good faith and with an objectively reasonable belief that its conduct did not violate any state or federal law.

8.     Plaintiff's claim for punitive damages is barred because Prairie Line engaged in good-faith efforts to comply with the law.

9.     Those claims contained in Plaintiff's removed Petition calling for the imposition of punitive damages against Prairie Line would, if awarded, deny Prairie Line equal protection and due process as guaranteed by the Fourteenth Amendment to the United States Constitution, and would be unconstitutional, in violation of the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and in violation of similar provisions in the Iowa Constitution.

10.     Prairie Line reserves the right to plead other and additional defenses as they are discovered.

WHEREFORE, having fully answered, Defendant The Prairie Line, Inc., hereby prays the Court for judgment in its favor and against Plaintiff on every count and claim in Plaintiff's removed Petition, for its costs, and for such further relief as the Court may deem appropriate and just.

Respectfully submitted,

*/s/ Thomas M. Cunningham*
Thomas M. Cunningham AT0001830
Email: tmcunningham@nyemaster.com

*/s/ Catherine Anderson Skotzke*
Catherine Anderson Skotzke AT0015329
Email: candersonskotzke@nyemaster.com

NYEMASTER GOODE, P.C.
700 Walnut Street, Suite 1300
Des Moines, IA 50309
Telephone: (515) 283-8176
Telephone: (515) 645-5529
Facsimile: (515) 283-8045
ATTORNEYS FOR DEFENDANT
THE PRAIRIE LINE, INC.

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that on March 24, 2025, a true and accurate copy of the foregoing pleading was filed with the Court and served on the following via operation of the Court's CM/ECF system:

MaKayla J. Augustine
SPAULDING & SHAULL, P.L.C.
2423 Ingersoll Avenue
Des Moines, IA 50312
makayla.augustine@sslawplc.com
ATTORNEYS FOR PLAINTIFF

*/s/ Thomas M. Cunningham*